Margaret M. Elliott v. Commissioner.
Elliott v. Commissioner
Docket No. 3523-69 SC.
United States Tax Court
T.C. Memo 1970-3; 1970 Tax Ct. Memo LEXIS 357; 29 T.C.M. (CCH) 4; T.C.M. (RIA) 70003; January 6, 1970, Filed. Margaret M. Elliott, pro se, 304 Glenwood Ave., Glen Burnie, Md.John J. Weiler, for the respondent. DAWSON
Memorandum Findings of Fact and Opinion DAWSON, Judge: Respondent determined a deficiency of $108.42 in petitioner's Federal income tax for the year 1967. On December 1, 1969, petitioner filed an Amended Petition claiming an overpayment of tax in the amount of $357 for 1967 on the added ground that respondent "ignored the Civil Rights Law allowing everybody all deductions." The principal issue for decision in this case is whether the petitioner contributed more than half of the total support of her mother, Mary Matusky, for the year 1967, so that she is entitled to claim her mother as a dependent under the provisions of sections 151(e)(1)(A) *358 and 152(a)(4), Internal Revenue Code of 1954
Findings of Fact Some of the facts have been stipulated by the parties and are found accordingly. Margaret M. Elliott (herein called petitioner) was a legal resident of Glen Burnie, Maryland, at the time she filed her petition in this proceeding. Petitioner filed her Federal income tax return for the year 1967 with the district director of internal revenue, Baltimore, Maryland. During the year 1967 petitioner received gross income of $5,892, mostly from wages earned as a postal clerk. In 1967 Mary Matusky, petitioner's mother, lived in the petitioner's home at 304 Glenwood Avenue, Glen Burnie, Maryland. Mrs. Matusky received social security payments of $1,260 in 1967. Not more than $1,000 of such amount was sued by Mrs. Matusky for her own support in 1967. During the year 1967 the total support of Mary Matusky was approximately $2,070. Of this total Mary Matusky provided not more than $1,000. The remainder ($1,070) was provided by petitioner. Petitioner provided more than half of her mother's total support for the year 1967. Opinion This is a factual question. In our judgment petitioner has met her burden of proving that *359 she provided more than half of Mary Matusky's total support in 1967. Therefore, we hold that she is entitled to the claimed dependency exemption for her mother for that year. At trial the petitioner contended that all of her 1967 gross income should be taxed only at capital gains rates. This contention has no merit. The wages earned and interest received by petitioner constitute ordinary income under section 61(a), Internal Revenue Code of 1954. Apparently her position was based upon the erroneous advice of Henry J. Laque, who appeared as a witness for petitioner. It is indeed unfortunate that petitioner was misinformed by Laque that such a position is correct. On the contrary, it is manifestly wrong. Moreover, we find no constitutional violations present in this case. A decision of no deficiency will be entered. 5